In re Byron PHILLIPS and Billie Jo Phillips, Debtors.

Bankruptcy No. 84–00824.

United States Bankruptcy Court, D. South Carolina.

July 23, 1985.

Robert F. Anderson, Columbia, S.C., for trustee.

H. Flynn Griffin, Campbell, Griffin & Campbell, Walterboro, S.C., for debtors.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter is before the court upon the trustee's application requesting this court:

a. To determine the value of the debtors' exempt assets;

b. To determine whether dolls of the debtors are exempt property under S.C.Code § 15–41–200(3) (Supp.1984), and if so, to what extent they are exempt;

c. To determine the value of the dolls owned by the debtors;

d. To direct the debtors to turn over the dolls to the trustee.

The debtors allege that the dolls are worthless, or worth very little; that the dolls are exempt property; and that the debtors have no non-exempt property.

### FINDINGS OF FACT[1]

1. The household goods of the debtors have a fair market value of $4,000.

2. The debtors' doll collection is composed of over 40 individual items.

3. The dolls, both individually and collectively, are worth in excess of $1,300.[2]

### CONCLUSIONS OF LAW

Assuming that each of the debtors is entitled to a $2,500. exemption—a total of $5,000.—in the household goods, which are valued at $4,000., there remains an unexhausted availability of $1,000. for exempt household goods.[3] And assuming, but not deciding, that the dolls, which have a value in excess of $1,300. are household goods, there remain (after allowance of the $1,000. unexhausted exemption) at least $300.

---

1. Testifying on behalf of the trustee as to the value of the furniture of the debtors was James M. Vail, the court-appointed appraiser in this case; and testifying for the trustee as to the value of the dolls was Allen Ashley, who was qualified as an expert in the valuation of dolls, he having sold, by his own testimony, 2,000 or more of the same in the last several years at public auction. The debtors' sole witness was Mrs. Billie Jo Phillips, who expressed her opinion as to the value of her assets.

2. Such was the testimony of Billie Jo Phillips. While the trustee's witnesses valued the dolls from $8,000 to $15,000, the determination of the exact amount of the value, in excess of $1,300, is moot.

3. See, S.C.Code § 15–41–200(3), (Supp.1984).

which is not exempt. Because the dolls are property of the estate, as defined in 11 U.S.C. § 541(a)(1), they may be sold by the trustee pursuant to 11 U.S.C. § 363(b) and should be turned over to the trustee pursuant to 11 U.S.C. § 542(a) and 11 U.S.C. § 105(a).

## ORDER

Accordingly, it is ORDERED that the debtors immediately surrender their dolls to the trustee; and it is further

ORDERED that the trustee, after notice and hearing, and as soon as practical, liquidate said dolls in the most commercially reasonable manner, and pay to the debtors the balance of the proceeds, less expenses of such sale, up to $1,000., for their unused homestead exemption.